Submitted on remand from the Oregon Supreme Court April 6,
reversed and remanded May 18, 2011

JIMMY L. WALTON,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A142414

261 P3d 641

Jimmy L. Walton filed the briefs *pro se.*

John R. Kroger, Attorney General, Jerome Lidz, Solicitor
General, and Jeff J. Payne, Assistant Attorney General, filed
the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge,
and Rosenblum, Senior Judge.

PER CURIAM

**PER CURIAM**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision (the board). This court affirmed the board's order, *Walton v. Board of Parole*, 238 Or App 664, 243 P3d 811 (2010). Subsequently, the Supreme Court issued its decision in *Janowski/Fleming v. Board of Parole*, 349 Or 432, 245 P3d 1270 (2010). The court then allowed review and vacated and remanded our earlier decision in this case for reconsideration in light of *Janowski/Fleming*. *Walton v. Board of Parole*, 349 Or 654, 249 P3d 542 (2011). We now reverse the board's order and remand for further proceedings.

We take our description of the facts from our earlier opinion. Petitioner was convicted in 1987 of aggravated murder and other related charges and, on the aggravated murder charge, was sentenced to life imprisonment without the possibility of parole, with a minimum of 30 years, ORS 163.105(1).[1] Twenty years later, the board held a rehabilitation hearing, determined that petitioner was likely to be rehabilitated within a reasonable time, and set a projected release date, following the mandatory minimum of 30 years' imprisonment, of October 2, 2016. The board scheduled a hearing, under ORS 144.125, for six months before the projected release date and ordered that a psychological evaluation be done at that time. *Walton*, 238 Or App at 666.

Petitioner sought judicial review, arguing that the board was required to set a firm release date and could not use any provisions of ORS chapter 144 to defer that release date. We affirmed. In our analysis, we cited our opinion in *Fleming v. Board of Parole*, 225 Or App 578, 202 P3d 209 (2009), *rev'd in part sub nom Janowski/ Fleming v. Board of Parole*, 349 Or 432, 245 P3d 1270 (2010), for the proposition that "the matrix does not determine an offender's release." *Walton*, 238 Or App at 671.

As noted, the Supreme Court subsequently issued its decision in *Janowski/Fleming*, which also involved the

---

[1] Unless otherwise noted, all statutory references are to the 1985 versions of those statutes.

application of 1985 statutes to prisoners convicted of aggravated murder. The court concluded that, under ORS 163.105, if the board finds that a prisoner is capable of rehabilitation, it must enter an order that immediately converts the sentence to life in prison with the possibility of parole; the mandatory minimum term no longer applies. 349 Or at 441-42. In such a circumstance, the board is required to set a release date in accordance with the parole matrix applicable at the time of the offense. *Id.* at 453. The release date is subject to postponement if one of the grounds set out in ORS 144.125 applies. *Id.* at 457-59.

Here, because the board failed to set a parole release date in accordance with the matrix applicable at the time of petitioner's offense, we reverse and remand for further proceedings.

Reversed and remanded.